UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| GANNON INTERNATIONAL, LTD., ) | |
| ) | |
| Debtor, ) | |
| ) | |
| ROBERT P. GREENE, ) | |
| ) | |
| Appellant, ) | No. 4:14CV842 RLW |
| ) | |
| v. ) | |
| ) | |
| U.S. BANK, N.A. and ) | |
| GANNON INTERNATIONAL, LTD., ) | |
| ) | |
| Appellees. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Appellant Robert P. Greene's Appeal of the Bankruptcy Court's Order granting U.S. Bank's Motion to Dismiss and dismissing the Debtor's Chapter 11 case, Case No. 13-46321. Upon careful consideration of the briefs, the Court will affirm the bankruptcy court's order dismissing the Chapter 11 case.

## Procedural Background[1]

Debtor Gannon International, Ltd.'s ("Debtor") bankruptcy case commenced on July 9, 2013 upon the filing of an involuntary Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of Missouri. (Chapter 7 Involuntary Petition, ECF No. 1) Three independent creditors, Connell Brothers Co., Ltd. ("Connell Brothers"), R.S. Bacon Veneer, Inc. ("R.S. Bacon"), and Robert P. Greene ("Greene") filed the petition based on each party's independent judgment against Debtor. (*Id.*) Debtor initially opposed involuntary bankruptcy

---

[1] Unless otherwise noted, the facts and document references are from the underlying bankruptcy proceedings, Case No. 13-46321.

proceedings and sought dismissal of the involuntary petition, which the court denied after a hearing. (Mot. to Dismiss, ECF No. 22; Order Denying Mot. to Dismiss, ECF No. 33) Debtor then filed a motion to reconsider the court's denial of the motion to dismiss, and the court also denied that motion on October 22, 2013. (Mot. to Alter or Amend Order, for Relief from Order and for Reconsideration, ECF No. 37; Order Denying Motion, ECF No. 41) Debtor later consented to the entry of an order for relief on the condition that the court convert the case to a Chapter 11 proceeding, which the court then converted on October 31, 2013. (Request for Conversion to Chapter 11, ECF No. 46; Order, ECF No. 50)

On January 30, 2014, Greene filed a Motion to Convert the Case to Chapter 7 and also requested an expedited hearing. (Mot. to Convert, ECF No. 97; Mot. to Expedite Hearing, ECF No. 99) The court granted the motion to expedite the hearing and set the hearing for February 18, 2014. (Order Granting Mot. to Expedite Hearing, ECF No. 101) Debtor objected to the motion and asked that the court appoint an Examiner to investigate Debtor and its assets. (Debtor's Objection to Mot. to Convert, ECF No. 110; Debtor's Plan of Reorganization, ECF No. 111) On February 25, 2014, the court granted the request for an order appointing an Examiner and accepted the offer to pay the Examiner's fees by Debtor's principal, William Franke ("Franke"). (Order Granting Request for an Order Appointing an Examiner, ECF No. 114) The court also continued the hearing on the Motion to Convert until March 26, 2014. (*Id.*) The bankruptcy court further ordered the Examiner to investigate "any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtor . . . ." (*Id.*) This investigation included Debtor's subsidiaries and affiliates, including but not limited to, companies and assets located in Asia. (*Id.*)

2

On March 3, 2014, the court appointed Steven E. Holtshouser as the Examiner in the case. (Order Approving Appointment of Chapter 11 Examiner, ECF No. 118) The Examiner presented a fee estimate, and on March 26, 2014, the court ordered Mr. Franke to transfer funds to the Examiner's trust account. (Examiner's First Reasonable Estimate of Fees, ECF No. 127; Order, ECF No. 130) Mr. Franke did not comply with the court's order, and after a hearing held on April 2, 2014, the court ordered a payment schedule for Mr. Franke to deposit funds into the Examiner's trust account. (Order, ECF No. 138) The order further stated that if Mr. Franke did not timely comply with the funding schedule, the Examiner would notice the court and parties, and the court would set Greene's motion to convert for a hearing date and time on an expedited basis. (*Id.*)

On April 9, 2014, the Examiner notified the court that Mr. Franke failed to comply with the payment schedule, although the Examiner indicated he had made significant progress in the investigation. (Examiner's Notice, ECF No. 141) The following day, Creditor U.S. Bank filed a Motion to Dismiss and Motion to Expedite Hearing, indicating that dismissal was preferred to a conversion to Chapter 7 because it was in the best interests of creditors. (Mot. to Dismiss, ECF Nos. 142, 143) On April 14, 2014, the court held a hearing on Greene's Motion to Convert from Chapter 11 to Chapter 7, the Examiner's notices regarding wire transfers, and Creditor U.S. Bank's Motions to Expedite Hearing and to Dismiss. (Transcript of 4/14/14, ECF No. 160) After hearing oral arguments, the court orally granted the motion to dismiss and denied the motion to convert. (*Id.* at p. 40) Specifically, the court stated:

> The outline of the case that was given is correct. There was vigorous opposition by the debtor initially to being in bankruptcy, then they consented to the bankruptcy and converted to Chapter 11.
>
> Mr. Franke said that he would fund the examiner, and the creditors were all in agreement except for Mr. Greene. The Greene parties brought the

3

> agreement to the Court, including Mr. Franke's agreement to fund the examiner, and I entered an order regarding that agreement.
>
> Mr. Franke didn't live up to his agreement to fund the examiner. And then I attempted to rework the funding agreement. Again, Mr. Franke could not live up to that, as well.
>
> I'll also note for the record that there are no creditors that are willing to fund the investigation of assets by the examiner or by a Chapter 7 trustee. Therefore, I will grant the motion to dismiss the case and deny the motion to convert the case.

(*Id.* at pp. 39-40) The attorney for Greene responded that some creditors may be willing to fund a trustee, but the court noted that no one stepped up to the plate. The court continued:

> Nobody stepped up to the plate. If somebody's stepping up to the plate – I don't mean to be ugly, Mr. Hall. You know I served as a Chapter 7 trustee, so I know what it's like to have a case and there appear to be some assets out there, and you can't find them, and there's no money to fund them.
>
> But I have a hard time in a case like this, where we know there are foreign assets, appointing one of our fine trustees from our Chapter 7 panel to kind of run with nothing there. So I will leave it at that at this point.

(*Id.* at pp. 40-41)

The court entered a written order on April 18, 2014 dismissing Debtor Gannon's Chapter 11 bankruptcy case and denying the motion to convert. (Order on U.S. Bank National Association's Mot. to Dismiss, ECF No. 147) Greene filed a Notice of Appeal to the United States District Court for the Eastern District of Missouri on May 1, 2014. (Notice of Appeal, ECF No. 149) In response to Appellant's Brief, Debtor Gannon filed an Appellee Brief.

## **Factual Background**[2]

Debtor Gannon International, Ltd. is a Missouri corporation, with William Franke as the founder and principal investor. Debtor operates primarily as a holding company of a number of subsidiary and affiliate companies, including The Gannon Management Co. of Missouri, the

---

[2] The relevant background facts of this case are not in dispute, and the Court sets forth the facts as stated in the briefs.

4

Gannon Management Co. of Florida, the Gannon Services Company, The Gannon Equities Company, and the Gannon Pacific Company ("Gannon Pacific"). Debtor owned and managed numerous apartment complexes in Missouri and Florida, most of which had been sold prior to 2008. Gannon Pacific's business operations, by and through its subsidiaries, are or were based in Southeast Asia, specifically Hong Kong and Vietnam. These interests include a milk processing facility in Vietnam, which Debtor sold for a profit in 2011; a leasehold on a small office in Vietnam; and a business license and partial interest in Long Ahn Brewery located in Vietnam. The Examiner in the bankruptcy proceedings indicated that getting assets out of Vietnam would be difficult.

## Standard of Review

The Court has jurisdiction over this bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1). On appeal, "the district court reviews the bankruptcy court's legal conclusions de novo and its findings of fact for clear error." *In re Tasic*, No. 4:13CV00474 ERW, 2013 WL 2425130, at *4 (E.D. Mo. June 4, 2013) (citing *In re O'Brien*, 351 F.3d 832, 836 (8th Cir. 2003)). Further, the Court reviews issues committed to the bankruptcy court's discretion for an abuse of that discretion. *Id.* (citing *In re Zahn*, 526 F.3d 1140, 1142 (8th Cir. 2008)). "An abuse of discretion occurs when the bankruptcy court fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous." *Id.*

## Discussion

Appellant Greene raises two points on appeal: 1) the bankruptcy court failed to apply the proper standard in reviewing U.S. Bank's motion to dismiss, resulting in an abuse of discretion; and 2) the bankruptcy court failed to consider the motions to convert and dismiss under the

standard of the best interests of all creditors and of the estate. Upon review of the briefs, the Court will affirm the decision of the bankruptcy court.

This appeal stems from the granting of U.S. Bank's motion to dismiss and the denial of Greene's motion to convert to Chapter 7 proceedings. This Court reviews the decision to dismiss the Chapter 11 case for an abuse of discretion. *In Re Hedquist*, 450 F.3d 801, 804 (8th Cir. 2006) (citation omitted). Dismissal is appropriate where cause exists and if dismissal is in the best interest of both the creditors and the estate. *In re Midland Marina, Inc.*, 259 B.R. 683, 686 (8th Cir. BAP 2001). The bankruptcy court has broad discretion in determining whether a Chapter 11 bankruptcy case should be dismissed. *Id.* "[W]here sufficient factors exist to justify either a decision to convert or one to dismiss a case, the exercise of its discretion by the bankruptcy court should be respected." *In re Mazzocone*, 183 B.R. 402, 417 (Bankr. E.D. Pa. 1995).

Section 1112(b)(4) of the Bankruptcy Code sets forth examples of cause justifying the dismissal of a Chapter 11 case. 11 U.S.C. § 1112(b)(4)(A)-(P). "The list is not exhaustive and court may find cause for other equitable reasons." *Loop Corp. v. U.S. Trustee*, 290 B.R. 108, 112 (Bankr. D. Minn. 2003). In the present case, the bankruptcy court's stated reason for dismissing the Chapter 11 bankruptcy case was an inability to reorganize. (Order on U.S. Bank National Association's Mot. to Dismiss, Appellant's Ex. A, ECF No. 9-1) In its oral ruling, the bankruptcy court specified that the Debtor was unable to pay the examination fees; none of the creditors had offered to pay either the examiner or trustee fees; and, even if someone agreed to pay, appointing a trustee to investigate and obtain foreign assets would be difficult and costly. (Bankruptcy Transcript of 4/14/14, pp. 40-41, Case No. 13-46321, ECF No. 160) Testimony from the hearing revealed that the Examiner required $78,000 to investigate, and that figure did not cover recovery of the assets. (*Id.* at p. 29) A Chapter 7 trustee would require funding as well.

6

(*Id.* at pp. 25-26) Additionally, the Missouri assets did not have much value, and the other assets were located in Vietnam, a country that would not enforce a judgment. (*Id.* at pp. 16, 31-32) Indeed, Greene's attorney stated at the hearing that the assets were located in Vietnam and parts of Asia and acknowledged that there was a challenge in pursuing those assets. (*Id.* at p. 20)

The Court finds that the bankruptcy court applied the correct legal standard in addressing the motion to dismiss. The bankruptcy court evaluated the motion under § 1112(b) and indicated its reasoning for finding cause for dismissal, which included failure to comply with court orders to fund the Examiner, the inability to pay a Trustee, and the difficulty dealing with foreign assets. (*Id.* at pp. 39-41; Appellant's Brief, Ex. A, ECF No. 9-1)

Likewise, as shown above, the facts contained in the designated record and stated by the bankruptcy court support the court's finding of cause for dismissal. "If the trial court identified the correct legal rule to apply to the relief requested, the reviewing court must then determine whether the trial court's 'resolution of the motion resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record.'" *In re YBA Nineteen, LLC*, 505 B.R. 289, 301, 303 (Bankr. S.D. Cal. 2014) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (finding failure to comply with scheduling order was sufficient cause to justify dismissal)). The factual findings of the bankruptcy court were plausible and were supported by the oral arguments advanced on the record. As a result, the bankruptcy court applied the correct standard under 11 U.S.C. § 1112(b) in addressing the motion to dismiss and finding the existence of sufficient cause.

However, Greene also argues that the bankruptcy court abused its discretion by failing to consider the best interests of the creditors and the estate. The undersigned disagrees. "[W]hen deciding between dismissal and conversion under 11 U.S.C. § 1112(b), 'the court must consider

7

the interests of *all* the creditors.'" *In re Owens*, 552 F.3d 958, 961 (8th Cir. 2008) (quoting *In re Superior Siding & Windows, Inc.*, 14 F.3d 240, 243 (4th Cir. 1994)). The record shows that the bankruptcy court heard extensive oral argument from the Debtor, several creditors, and the Examiner regarding the best interests of the creditors and the estate. Specifically, the testimony demonstrated the availability of some assets in Vietnam but the near impossibility of recovering those. (Bankruptcy Transcript of 3/26/14 pp. 7-8, Case No. 13-46321, ECF No. 158) Indeed, the Examiner testified that "to be able to produce anything out of Vietnam in an adversarial manner in any time period that's going to be beneficial to what this Court has to do, I think, is unrealistic." (*Id.* at p. 8) Additionally, much of Debtor's money-making ventures were no longer taking place. (*Id.* at p. 9) Finally, the Examiner required $78,000 to investigate Debtor's activities, and Mr. Franke was financially unable to make such payments. (Order, Case No. 13-46321, ECF No. 130; Bankruptcy Transcript of 4/14/14 p. 10, ECF No. 160)

The facts in the record demonstrate the enormous expense to the estate if the bankruptcy court converted the case to a Chapter 7 case and involved a trustee. "Where a trustee would impose an unaffordable burden, dismissal may well be in the estate's interests . . . But where there is a prospect of the recovery of assets, conversion may be in the best interests of the estate and the creditors despite these costs." *In re DB Capital Holdings, LLC*, No. , 2011WL 5520439, at *4 (Bankr. D. Co. Nov. 14, 2011) Here, the record demonstrated, and bankruptcy court took into account, the time, expense, and difficulty in finding and recovering foreign assets as support for its decision to dismiss instead of convert the case. (Bankruptcy Transcript of 4/14/14, pp. 40-41, Case No. 13-46321, ECF No. 160); *see also In re Midwest Props. of Shawano, LLC*, 442 B.R. 278, 286 (Bankr. D. Del. 2010) (finding dismissal in the best interest of creditors and the estate where debtor's operations did not generate sufficient funds to pay expenses, and a trustee

8

administering real estate in other states would be impractical, costly, and would burden the estate).

While Greene cites *In re Mitan* in support of his argument that conversion is appropriate to investigate alleged hidden overseas assets, the Court notes that the decision to dismiss or convert a Chapter 11 case is within the sound discretion of the bankruptcy court and will be reversed only for an abuse of discretion. 573 F.3d 237, 247 (6th Cir. 2009). Further, "[t]he standard for choosing conversion or dismissal based on the best interest of creditors and the estate implies a balancing test to be applied through case-by-case analysis." *In re Gateway Ethanol, L.L.C.*, No. 08-22579, 2011 WL 597059, at *2 (Bankr. D. Kan. Feb. 11, 2007) (internal quotation and citation omitted). Here, in light of the arguments proffered in the record, as well as the court's careful review of the record and oral statements, the undersigned finds that the bankruptcy court did not abuse its discretion in finding that dismissal was in the best interest of the creditors and the estate.

Further, although Greene relies heavily on *In re Superior Siding & Windows, Inc.*, the facts are not analogous. In that case, the bankruptcy court's stated reason for dismissing instead of converting the case to Chapter 7 was a consensus of a majority of creditors favored dismissal. 14 F.3d at 242. Here, however, the bankruptcy court set forth properly supported reasons for choosing dismissal over conversion; namely, the failure of Franke to pay the examiner; the absence of an offer to pay for a Trustee; the inability of the estate to pay a Trustee; and the difficulty and expense in investigating and recovering foreign assets. This is particularly compelling in light of the fact that the alleged assets are in Vietnam, and neither the Examiner nor a Trustee would have the ability to compel evidence or documents. Although Greene finds the bankruptcy court's analysis of and factual findings regarding the best interests of the

9

creditors and estate to be lacking, the determination is adequate under the law. *In re Mazzacone*, 183 B.R. at 417 (noting "considerable authority for the proposition that a bankruptcy court is not required to explain the reasons for dismissal or conversion in detail"); *see also Loop Corp. v. U.S. Trustee*, 379 F.3d 511, 519 (8th Cir. 2004) (finding oral explanation sufficient findings of fact to support conversion order); *In re Fossum*, 764 F.2d 520, 522 (8th Cir. 1985) (stating that while the court's findings could have been more detailed, in light of the evidence in record, bankruptcy court's one line statement that reorganization was not feasible was a sufficient finding of fact supporting dismissal). The undersigned finds that the bankruptcy court's decision to dismiss the case "did not result from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the record." *In re YBA Nineteen, LLC*, 505 B.R. at 304. As such, the Court concludes that the bankruptcy court did not abuse its discretion in ordering dismissal of Debtor's case, and the decision of the bankruptcy court is affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the Appeal filed by Robert P. Greene (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the Order of the United States Bankruptcy Court for the Eastern District of Missouri, dated April 18, 2014 is **AFFIRMED**.

Dated this 26th day of March, 2015.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**